FILED
2026 Sep-24 PM 02:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **STEVEN MARK HAYDEN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:25-cv-0544-AMM-JHE** |
| | ) | |
| **JEFFERSON COUNTY SHERIFF,** | ) | |
| | ) | |
| **Respondent.** | ) | |

# MEMORANDUM OPINION

Petitioner Steven Mark Hayden filed a *pro se* amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 5. On August 14, 2026, the magistrate judge entered a report recommending the court dismiss the amended petition as moot. Doc. 31. The magistrate judge further recommended the court deny the petitioner's motion for evidence preservation or, in the alternative, limited expedited discovery, Doc. 27, motion to reconsider and modify interlocutory order and hold case in abeyance, Doc. 29, and motion for immediate release, Doc. 30. The petitioner has filed timely objections. Doc. 32.

The petitioner concedes that he is no longer in custody and therefore does not object that his request for immediate release is moot. Doc. 32 at 1. But the petitioner contends the posture of his state court proceedings should preclude dismissal of this action in its entirety, and the court should hold this matter in abeyance. *Id.*

**A. April 17, 2023, Order**

On April 17, 2023, the Jefferson County Circuit Court found the petitioner in criminal and civil contempt and sentenced him to eighty-five days on the criminal contempt finding. Doc. 25 at 38–41. The circuit court further ordered the petitioner's detention on a finding of civil contempt and ordered that he remain detained until he returned all documents or materials concerning Western Steel, Inc. to the plaintiffs' attorney and reversed and removed all records and certifications he filed in other states alleging he was associated with or an officer of Western Steel. *Id.* at 40.

The circuit court also found that the petitioner "is a vexatious litigant whose frivolous filings" hindered the orderly operation of the judiciary. *Id.* As a result, the court permanently enjoined the petitioner from filing pleadings and other documents in any state court without pre-service or pre-filing leave of court. *Id.* The court also permanently revoked the petitioner's AlaFile privileges. *Id.* at 41.

**B. Criminal Contempt**

The petitioner's eighty-five-day sentence was based on the circuit court's finding of criminal contempt. *Id.* at 38–41. On May 19, 2026, the circuit court modified the sentence to time served and ordered the petitioner's release from prison. Doc. 31-5. Where previous orders merely suspended the eighty-five-day criminal contempt sentence, the May 19, 2026, order satisfied the criminal contempt sentence as time served. *See id.* Accordingly, the magistrate judge concluded that

the petitioner's challenge to the eighty-five-day sentence is moot based on his release. Doc. 31.

The two exceptions to the mootness doctrine are (1) collateral consequences and (2) "capable of repetition, yet evading review." *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968); *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (cleaned up). The petitioner contends he meets both exceptions.

The petitioner asserts that the current petition is not moot because he suffers from collateral consequences, namely the circuit court's permanent revocation of his AlaFile privileges and restrictions on his filings. Doc. 32 at 5–8. But these restrictions are not "disabilities or burdens" that flow from the petitioner's criminal contempt sentence and detention. *See Carafas*, 391 U.S. at 237–38. Rather, they are based on a finding that the petitioner is a vexatious litigant. *See* Doc. 25 at 40, 41. Accordingly, the petitioner's objection on this ground is **OVERRULED**.

The "capable of repetition, yet evading review" exception to mootness applies when (1) the challenged action is too temporary to be litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). The petitioner argues that the short periods of detention place him within this exception and points to *Turner v. Rogers*, 564 U.S. 431 (2011), for support. Doc. 32 at 4–5. In *Turner*, a father was repeatedly found in contempt of

court based on his failure to comply with a child support order. 564 U.S. at 436–38. Although the father had completed a twelve-month sentence for civil contempt, the Court concluded that the matter was not moot because the father's term of imprisonment was too short to be fully litigated through the state courts, and there was a "more than reasonable likelihood that [he] will again be subjected to the same action." *Id.* at 440–41 (cleaned up).

The facts in *Turner* are distinguishable from the case here. Specifically, the Court observed that the father's repeated contempt was due, in part, to the lack of procedural safeguards and a finding of whether he could pay the ordered child support payments—the non-payment of which resulted in his continued incarceration for contempt of court. *Id*. at 437–38, 445–46, 447–48, 449. This is different than the circuit court's April 17, 2023, order setting forth the petitioner's specific fraudulent actions in violation of previous court orders. *See* Doc. 25 at 38–41. The petitioner offers no factual support for why he is incapable of complying with the circuit court's orders, which have not been overturned or invalidated. As the magistrate judge noted, the court must assume the petitioner will obey the circuit court's valid orders. *See Honig v. Doe*, 484 U.S. 305, 320 (1988) ("[W]e generally have been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury."). Consequently, the petitioner's objection on this ground is **OVERRULED**.

### C. Civil Contempt

In finding that the petitioner's request for relief is moot, the magistrate judge referenced the circuit court's order entered May 19, 2026, which modified the petitioner's eighty-five-day contempt sentence to time served and ordered the petitioner's release from custody. Doc. 31-5. The petitioner contends the magistrate judge overlooked the portion of the same order that states, "The Civil Contempt Jail sanction entered by this Court on April 17, 2023 is suspended until further order of this Court and the Defendant is RELEASED from the custody of the Jefferson County Sheriff." Doc. 32 at 2; Doc. 31-5.

As it currently stands, the petitioner is not under any term of detention for civil contempt. Additionally, any future detention for civil contempt is based on the petitioner's own actions: whether he has complied with the court's order to return certain documents concerning Western Steel to the plaintiffs' attorney and removed all records and certifications in other states in which he alleges he is associated with or an officer of Western Steel. *See* Doc. 25 at 40. Whether the petitioner will be sentenced for civil contempt has not been determined, and to find otherwise is speculative. The petitioner's objection on this ground is **OVERRULED**.

### D. Challenges to State Court Orders

To the extent the petitioner attempts to challenge ongoing state contempt proceedings, such attempts are barred by the *Younger* abstention doctrine. *See*

*Younger v. Harris*, 401 U.S. 37, 43–45 (1971). It is well settled that a federal court will abstain from granting injunctive or declaratory relief that would interfere with pending state or local proceedings based on principles of comity and federalism that a state court should be permitted to try cases free from federal interference except under very limited circumstances. *See id.*; *Butler v. Alabama Jud. Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001); *Adams v. Florida*, 185 F. App'x 816, 816–17 (11th Cir. 2006) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)) (applying *Younger* abstention doctrine to state noncriminal proceedings).

For *Younger* abstention to apply, state judicial proceedings must be ongoing, the proceedings must implicate important state interests, and the federal petitioner must have an adequate opportunity to raise constitutional challenges in the state proceedings. *See Leonard v. Alabama State Bd. of Pharm.*, 61 F.4th 902, 908 (11th Cir. 2023). The exceptions to this rule include extraordinary circumstances such as irreparable injury, bad faith, or no adequate alternative state forum where the constitutional issues can be raised. *Id*.

Here, there are ongoing state proceedings against the petitioner that involve the factual basis of his allegations of constitutional violations. Based on the record, those proceedings have been ongoing for several years and therefore commenced well before the filing of the petition here. If this court were to make factual findings regarding the petitioner's state proceedings, there is a potential for conflict with

those proceedings. Second, contempt proceedings implicate important state interests because they "stand[ ] in aid of the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (cleaned up). Third, there is an adequate opportunity for the petitioner to raise his constitutional claims in his state proceedings and in any direct and collateral appeals he may file if convicted. *See 31 Foster Children*, 329 F.3d at 1279 ("A federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

Other than his general and conclusory allegations, the petitioner has not shown bad faith, irreparable harm, an inadequate forum to raise his allegations of constitutional violations, or other extraordinary circumstances that would make abstention improper. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). To the extent any of the petitioner's objections are challenges to ongoing state contempt proceedings, they are **OVERRULED**.

Because the petitioner is no longer in custody, his eighty-five-day sentence for criminal contempt has been modified to time served, and there is no term of detention currently pending for the petitioner's civil contempt, this action is due to be dismissed as moot.

After careful consideration of the record in this case and the magistrate judge's report, along with the petitioner's objections, Doc. 32, the court **ADOPTS** the report

and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that this action is due to be **DISMISSED WITHOUT PREJUDICE AS MOOT**. The petitioner's pending motion for evidence preservation or, in the alternative, limited expediated discovery, Doc. 27, motion to reconsider and modify interlocutory order, Doc. 29, and motion for immediate release, Doc. 30, are due to be **DENIED**.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 24th day of September, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE